# EXHIBIT A

THIS IS NOT AN ARBITRATION COMPLAINT,
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
     Joshua A. Rosen, Esquire
     Matthew J. Zamites, Esquire
     Brian F. George, Esquire
     Andrew Baron, Esquire
     Joshua Baer, Esquire
     Michael K. Simon, Esquire
     Sam Reznik, Esquire
     Mary G. McCarthy, Esquire
     Harry Gosnear, Esquire
     Daniel Ward, Esquire

Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Kelly Peterson, Esquire
Sarkis Dramgotchian, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire

Attorney ID No.'s:
*201798*

*Attorneys for Plaintiff*

18 Campus  Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | |
|---|---|
| Jonathan Gonzalez<br>7801 Roosevelt Blvd #12<br>Philadelphia, PA 19152<br><br>                          Plaintiff<br><br>      vs.<br><br>Winchester Walk Apartments<br>DBA WWW Premier Holdings LLC<br>2600 Welsh Road Suite 1<br>Philadelphia PA 19152<br><br>                          and<br>WWW Premier Holdings LLC<br>110 Hillside Blvd. Suite 15<br>Lakewoodm NJ 08701<br><br>                          and<br>WWR Premier Holdings LLC<br>920 East County Line Rd<br>Lakewood NJ 0870 1<br><br>                          and<br>Premier Properties And Management<br>Associates LLC<br>300 Boulevard of the Americas Suite 104,<br>Lakewood, NJ 08701 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>March Term 2022<br><br>No. |

Case ID: 22030051

and                          :
Premier properties and Management LLC        :
300 Boulevard of the Americas Suite 104,      :
Lakewood, NJ 08701                   :
                                :
_____ Defendants    :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-6300**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  (215) 238-6300**

## COMPLAINT

1. Plaintiff, Jonathan Gonzalez, is resident and citizen of the Commonwealth of Pennsylvania, residing at the address set forth in the caption of this Complaint.

2. Upon information and belief, Defendant, Winchester Walk Apartments DBA WWW Premier Holdings LLC, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 7801 Roosevelt Boulevard in Philadelphia, PA 19152.

3. Upon information and belief, Defendant, WWW Premier Holdings LLC, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 7801 Roosevelt Boulevard in Philadelphia, PA 19152.

4. Upon information and belief, Defendant, WWR Premier Holdings LLC, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 7801 Roosevelt Boulevard in Philadelphia, PA 19152.

5. Upon information and belief, Defendant, Premier Properties And Management Associates LLC, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 7801 Roosevelt Boulevard in Philadelphia, PA 19152.

6. Upon information and belief, Defendant, Premier Properties And Management LLC, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this

Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 7801 Roosevelt Boulevard in Philadelphia, PA 19152.

    7.    Defendants named in paragraphs 2 through 6 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

    8.  Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

    9.  At all times material hereto, Defendant was acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 7801 Roosevelt Boulevard in Philadelphia, PA 19152, collectively referred to hereinafter as "the premises."

    10. On or about February 13, 2021,, at approximately 4:30PM, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

    11.    At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

    12. On or about February 13, 2021, while on Defendants' premises, Plaintiff was caused to slip and fall on the snow/ice and the dangerous condition in/on/of the steps on the premises, causing serious and permanent personal injuries on account of which this action is brought.

    13.    At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe

conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

<u>COUNT I</u>

**Jonathan Gonzalez vs Winchester Walk Apartments DBA WWW Premier Holdings LLC**
**Personal Injury – Negligence**

14.     The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.     Failure to design, construct, maintain, and/or repair the premises, steps and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.     Failure to properly monitor, test, inspect or clean the premises, steps and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.     Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the premises, steps and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.     Failure to barricade and/or block-off the dangerous area of the premises, steps and/or other areas on the premises;

e.     Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, steps and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained steps, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the steps on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

15.   Upon information and belief, Defendant had specific knowledge of an ongoing problem with the steps of the premises where Plaintiff fell.

16.   The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained steps, on the premises, causing the premises to be unsafe.

17. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, back and right elbow, all to Plaintiff's great loss and detriment.

18.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jonathan Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Winchester Walk Apartments DBA WWW Premier Holdings LLC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just

## COUNT II
### Jonathan Gonzalez vs WWW Premier Holdings LLC
### Personal Injury – Negligence

22. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the premises, steps and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the premises, steps and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.    Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the premises, steps and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.    Failure to barricade and/or block-off the dangerous area of the premises, steps and/or other areas on the premises;

    e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, steps and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained steps, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the steps on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

23.   Upon information and belief, Defendant had specific knowledge of an ongoing problem with the steps of the premises where Plaintiff fell.

24.   The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained steps, on the premises, causing the premises to be unsafe.

25. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, back and right elbow, all to Plaintiff's great loss and detriment.

26.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28.    As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jonathan Gonzalez, demands judgment in Plaintiff's favor and against Defendant, WWW Premier Holdings LLC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just

## COUNT III
### Jonathan Gonzalez vs WWR Premier Holdings LLC
### Personal Injury – Negligence

30. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the premises, steps and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the premises, steps and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the premises, steps and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the dangerous area of the premises, steps and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, steps and/or other areas on the premises;

    f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

    g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

    h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

    i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

    j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

    k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained steps, so as to cause unreasonable risk of harm to pedestrians on the premises; and

    l.      Failing to properly and adequately maintain the steps on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

31.     Upon information and belief, Defendant had specific knowledge of an ongoing problem with the steps of the premises where Plaintiff fell.

32.     The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained steps, on the premises, causing the premises to be unsafe.

33. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, back and right elbow, all to Plaintiff's great loss and detriment.

34.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

35.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

36.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

37.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jonathan Gonzalez, demands judgment in Plaintiff's favor and against Defendant, WWR Premier Holdings LLC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just

<u>**COUNT IV**</u>
**Jonathan Gonzalez vs Premier Properties And Management Associates LLC**
**Personal Injury – Negligence**

38. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the premises, steps and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the premises, steps and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the premises, steps and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the dangerous area of the premises, steps and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, steps and/or other areas on the premises;

f.    Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.    Failing to exercise the proper care, custody and control over the aforesaid premises;

h.    Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.    Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.    Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.    Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained steps, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.    Failing to properly and adequately maintain the steps on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

39.    Upon information and belief, Defendant had specific knowledge of an ongoing problem with the steps of the premises where Plaintiff fell.

40.    The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained steps, on the premises, causing the premises to be unsafe.

41. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, back and right elbow, all to Plaintiff's great loss and detriment.

42.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

43.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

44.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

45.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jonathan Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Premier Properties And Management Associates LLC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just

## COUNT V
### Jonathan Gonzalez vs Premier properties and Management LLC
### Personal Injury – Negligence

46. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

   a.   Failure to design, construct, maintain, and/or repair the premises, steps and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

   b.   Failure to properly monitor, test, inspect or clean the premises, steps and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

   c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the premises, steps and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

   d.   Failure to barricade and/or block-off the dangerous area of the premises, steps and/or other areas on the premises;

   e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, steps and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained steps, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the steps on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

47.   Upon information and belief, Defendant had specific knowledge of an ongoing problem with the steps of the premises where Plaintiff fell.

48.   The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained steps, on the premises, causing the premises to be unsafe.

49. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions, and others ills and injuries, back and right elbow, all to Plaintiff's great loss and detriment.

50.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

51.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

52.     As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

53.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jonathan Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Premier properties and Management LLC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just

SIMON & SIMON, P.C.

BY:_____/s_____
    Marc I. Simon, Esquire
    Simon & Simon, P.C.
    *Attorney for Plaintiffs*

## **VERIFICATION**

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff, in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Marc I. Simon

DocuSign Envelope ID: ED03BCF6-6D39-40D5-B5F9-6FF03D953604

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

## AFFIDAVIT OF SERVICE

| Case:<br>220300513 | Court:<br>COURT OF COMMON PLEAS | | County:<br>PHILADELPHIA | Job:<br>6782340 (2021-06522 / 1235639) |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>Jonathan Gonzalez | | | Defendant / Respondent:<br>Winchester Walk Apartments DBA WW's Premier Holdings, LLC, et al. | |
| Received by:<br>RAPID DELIVERY SERVICE | | | For:<br>SIMON AND SIMON | |
| To be served upon:<br>Premier Properties And Management Associates LLC | | | | |

*Filed and Attested by the Office of Judicial Records 12 APR 2022 09:35 am G. IMPERATO*

I, JILL CERESINI, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Premier Properties And Management Associates LLC c/o Rachel Rajchod, Company: 300 Boulevard of the Americas Suite 104,, Lakewood, NJ 08701 |
|---|---|
| Manner of Service: | Business, Mar 22, 2022, 3:38 pm EDT |
| Documents: | COMPLAINT, VERIFICATION, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), VERIFICATION, PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S), CERTIFICATE OF SERVICE |

**Additional Comments:**
1) Successful Attempt: Mar 22, 2022, 3:38 pm EDT at Company: 300 Boulevard of the Americas Suite 104,, Lakewood, NJ 08701 received by Premier Properties And Management Associates LLC c/o Rachel Rajchod. Age: 25; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'4"; Hair: Brown; Eyes: Blue; Relationship: Employee/ secretary ;

Subscribed and sworn to before me by the affiant who is personally known to me.

JILL CERESINI                    Date

RAPID DELIVERY SERVICE
1933 Chestnut St.
Philadelphia, PA 19103
(609) 364-9709

Notary Public

Date                    Commission Expires

Commonwealth of Pennsylvania - Notary Seal
Jessica M. Murphy, Notary Public
Philadelphia County
My commission expires June 11, 2025
Commission number 139  837

**AFFIDAVIT OF SERVICE**

| Case:<br>220300513 | Court:<br>COURT OF COMMON PLEAS | County:<br>PHILADELPHIA | Job:<br>6782330 (2021-06522 / 12-2537) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Jonathan Gonzalez | | Defendant / Respondent:<br>Winchester Walk Apartments DBA WWW Premier Holdings LLC et al. | |
| Received by:<br>RAPID DELIVERY SERVICE | | For:<br>SIMON AND SIMON | |
| To be served upon:<br>WWW Premier Holdings LLC | | | |

I, JILL CERESINI, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  WWW Premier Holdings LLC c/o Rachel Rajchod, Company: 300 Boulevard of the Americas St 104, Lakewood , NJ 08701

**Manner of Service:**  Business, Mar 22, 2022, 3:39 pm EDT

**Documents:**  COMPLAINT, VERIFICATION, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), VERIFICATION, PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S), CERTIFICATE OF SERVICE

**Additional Comments:**
1) Unsuccessful Attempt: Mar 22, 2022, 3:11 pm EDT at Company: 110 Hillside Blvd. Suite 15, Lakewood, NJ 08701
Spoke with Faigy at Primavera Properties said they have been there over 3 yrs and have no affiliation with premier holdings llc

2) Successful Attempt: Mar 22, 2022, 3:39 pm EDT at Company: 300 Boulevard of the Americas St 104, Lakewood , NJ 08701 received by WWW Premier Holdings LLC c/o Rachel Rajchod. Age: 25; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'4"; Hair: Brown; Eyes: Blue; Relationship: Employee/ secretary ; Other: Acknowledged that they are also premier holdings llc;

JILL CERESINI      Date   3/23/22

RAPID DELIVERY SERVICE
1933 Chestnut St.
Philadelphia, PA 19103
(609) 364-9709

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   3/23/22      Commission Expires   June 16, 2025

Commonwealth of Pennsylvania - Notary Seal
Jessica M. Murphy, Notary Public
Philadelphia County
My commission expires June 11, 2025
Commission number 1399887

## AFFIDAVIT OF SERVICE

| Case: 220300513 | Court: COURT OF COMMON PLEAS | | County: PHILADELPHIA | Job: 6782344 (2021-06522 / 1255636) |
|---|---|---|---|---|
| Plaintiff / Petitioner: Jonathan Gonzalez | | | Defendant / Respondent: Winchester Walk Apartments DBA WWP Premier Holding, LLC, et al. | |
| Received by: RAPID DELIVERY SERVICE | | | For: SIMON AND SIMON | |
| To be served upon: Premier Properties and Management LLC | | | | |

*Filed and Attested by the Office of Judicial Records 12 APR 2022 09:27 am G. IMPERATO*

I, JILL CERESINI, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Premier Properties and Management LLC c/o Rachel Rajchod, Company: 300 Boulevard of the Americas Suite 104, Lakewood, NJ 08701

**Manner of Service:** Business, Mar 22, 2022, 3:35 pm EDT

**Documents:** COMPLAINT, VERIFICATION, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), VERIFICATION, PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S), CERTIFICATE OF SERVICE

**Additional Comments:**
1) Successful Attempt: Mar 22, 2022, 3:35 pm EDT at Company: 300 Boulevard of the Americas Suite 104, Lakewood, NJ 08701 received by Premier Properties and Management LLC c/o Rachel Rajchod. Age: 25; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'4"; Hair: Brown; Eyes: Blue; Relationship: Secretary ;

JILL CERESINI     **Date**    3/23/22

Subscribed and sworn to before me by the affiant who is personally known to me.

**Notary Public**

**Date** 3/23/22     **Commission Expires** Jun 11, 2025

RAPID DELIVERY SERVICE
1933 Chestnut St.
Philadelphia, PA 19103
(609) 364-9709

Commonwealth of Pennsylvania - Notary Seal
Jessica M. Murphy, Notary Public
Philadelphia County
My commission expires June 11, 2025
Commission number 1399887

## AFFIDAVIT OF SERVICE

| Case:<br>220300513 | Court:<br>COURT OF COMMON PLEAS | County:<br>PHILADELPHIA | Job:<br>6782337 (2021-06522 / 1235636) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Jonathan Gonzalez | | Defendant / Respondent:<br>Winchester Walk Apartments DBA WWR Premier Holdings, LLC, et al. | |
| Received by:<br>RAPID DELIVERY SERVICE | | For:<br>SIMON AND SIMON | |
| To be served upon:<br>WWR Premier Holdings LLC | | | |

*Filed and Attested by the Office of Judicial Records 12 APR 2022 09:35 am L. DOWELL*

I, JILL CERESINI, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** WWR Premier Holdings LLC c/o Rachel Rajchod , Company: 300 Boulevard of the Americas St 104, Lakewood , NJ 08701

**Manner of Service:** Business, Mar 22, 2022, 3:42 pm EDT

**Documents:** COMPLAINT, VERIFICATION, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), VERIFICATION, PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S), CERTIFICATE OF SERVICE

**Additional Comments:**
1) Successful Attempt: Mar 22, 2022, 3:42 pm EDT at Company: 300 Boulevard of the Americas St 104, Lakewood , NJ 08701 received by WWR Premier Holdings LLC c/o Rachel Rajchod . Age: 25; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'4"; Hair: Brown; Eyes: Blue; Relationship: Employee/ secretary ; Other: Acknowledged they are aka premier holdings llc;

_Jill Ceresini_ 3/23/22

JILL CERESINI            Date

RAPID DELIVERY SERVICE
1933 Chestnut St.
Philadelphia, PA 19103
(609) 364-9709

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date 3/23/22        Commission Expires June 11, 2025

Commonwealth of Pennsylvania - Notary Seal
Jessica M. Murphy, Notary Public
Philadelphia County
My commission expires June 11, 2025
Commission number 1399837